UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANJING YU,<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION CENTER, et al.,<br>Respondents. | No. 1:26-cv-04075 DJC AC<br><br><u>RELEASE ORDER</u><br>A#: 216- 308-737 |

Petitioner, an immigration detainee proceeding through counsel, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 8, 2026, the Magistrate Judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (ECF No. 13.) Respondent filed objections to the findings and recommendations. (ECF No. 14.) Specifically, Respondents argued that Petitioner's detention is governed by section 1226(a); that a pre-deprivation hearing is a "requirement no court had announced for § 1226(a) detainees"; that Ninth Circuit has

held that there is no need for periodic bond hearings or for the Government to bear the burden of proof; that the arrest and timing was lawful without a pre-deprivation hearing; that the Government's interest in heightened; and that release is an unwarranted remedy. (*Id.*) The Court has addressed most of these arguments in *Moncada v. Warden*, No. 1:26-CV-07842-DJC-CSK, 2026 WL 3320743, at *2 (E.D. Cal. Nov. 3, 2026), and rejects them here for the same reasons.

Respondent's reliance on *Jennings v. Rodriguez*, 583 U.S. 281 (2018) and *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022) does not alter this conclusion. *Jennings* provided a limited statutory holding on whether sections 1225(b), 1226(a), and 1226(c) require periodic post-detention bond hearings, and the Court expressly "d[id] not reach" related constitutional arguments. 583 U.S. 281 at 312. And as other courts have noted, *Rodriguez Diaz* found only that a petitioner with a lengthy criminal record and gang affiliation was "sufficiently protected" by the procedures offered under section 1226(a). *Lyu v. Janecha*, No. 5:26-cv-05051-MBK, 2026 WL 2681631, at *3 (C.D. Cal. Sept. 13, 2026). There was "no indication that the petitioner there had been previously released from immigration custody or claimed the right to any pre-deprivation process" based on a protected liberty interest; the Ninth Circuit therefore had no occasion to address under what circumstances a "predeprivation hearing is required under the *Mathews v. Eldridge* framework." *Id.*; *see also Pinchi v. Noem,* 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (noting that "contrary to the government's representations, the Ninth Circuit did not hold in *Rodriguez Diaz* that noncitizens facing removal under section 1226(a) have no due process right to a pre-detention hearing . . . the question presented here was not presented in *Rodriguez Diaz*").

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

////

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 13) are ADOPTED IN FULL.
2. Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) is GRANTED.
3. Respondents are ORDERED to ordered to immediately release Petitioner Wanjing Yu from custody and return all of Petitioner's documents and possessions.
4. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner without a change in circumstances to warrant Petitioner's re-detention.
5. The Clerk is directed to serve the California City Detention Center with a copy of this Order.
6. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **November 4, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC-10-Yu-1:26-cv-04075-DJC-AC.merits